THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HONGSEOK SEO,

               Plaintiff,

    v.

STEVEN PRESTON, *et al.*,

               Defendants.

CASE NO. C26-2054-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On July 7, 2026, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (Dkt. No. 7.) Plaintiff's complaint (Dkt. No. 8) was entered shortly thereafter. In general, the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's complaint is subject to *sua sponte* review and dismissal to the extent it "fail[s] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). And while Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must still contain sufficient factual matter, accepted as true, to state a claim

MINUTE ORDER
C26-2054-JCC
PAGE - 1

for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Said another way, allegations must be sufficiently specific and nonconclusory to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint (Dkt. No. 8) is saturated with incurable deficiencies. Near as the Court can tell, Plaintiff is asserting unlawful termination on the part of Goodwill International. (*See generally* Dkt. No. 8.) But many of the facts alleged are irrelevant and/or untethered to resulting colorable legal claims. For this reason, Plaintiff fails to state a plausible claim for relief or, for that matter, satisfy basic pleading rules, which provide that the complaint include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8.

Based on the foregoing, the Court DECLINES to issue summons. Nevertheless, the Court GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order. This is because the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). To be clear, an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, it must stand on its own by clearly identifying the basis for this Court's jurisdiction, legally cognizable claims asserted against each defendant, specific facts supporting each claim, and the specific relief requested.

If no amended complaint is filed within this time period or if the amended complaint fails to correct the deficiencies identified above, the Court will dismiss Plaintiff's claims pursuant to 28 U.S.C. §1915(e)(2)(B). The Clerk is DIRECTED to send a copy of this order to Plaintiff.

//

//

//

MINUTE ORDER
C26-2054-JCC
PAGE - 2

DATED this 7th day of July 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk

MINUTE ORDER
C26-2054-JCC
PAGE - 3